Filed 4/6/21  P. v. Sumner CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B302468 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No.  PA092862) |
| v. | |
| KENNETH SUMNER, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Hayden Zacky, Judge.  Affirmed.

Michele A. Douglass, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

─────────────

We review this appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436.

On June 28, 2019, appellant was charged in a three-count information with two counts of assault with a deadly weapon in violation of Penal Code section 245, subdivision (a)(1) (counts 1 and 2) and one count of dissuading a witness from reporting a crime in violation of Penal Code section 136.1, subdivision (b)(1) (count 3). As sentencing enhancements, three prior convictions were alleged as strikes and serious felonies. Appellant went to jury trial.

The facts involved two individuals alleged to be the victims of separate assaults. Appellant and David Barker became involved in a physical altercation in the parking lot outside a Starbucks in the San Fernando Valley. During the incident, appellant approached Barker with knife in hand. Minutes later, appellant punched Barker several times before appellant and his female companion Lucky left the scene. These facts formed the basis of count 1.

As to counts 2 and 3, appellant and Lucky were sleeping in a tent in a homeless encampment when victim Shenia Echevarria, also homeless, asked them to leave the tent because it belonged to her boyfriend. They refused and Echevarria left the scene. Hours later, the three encountered each other again on the street. Appellant and Lucky attacked Echevarria. Appellant also threatened to harm Echevarria and her family if she told anyone about what had transpired. The physical attack formed the basis of count 2 and the threat formed the basis of count 3.

Appellant testified. As to count 1, he was defending himself against Barker's attack on Lucky; as to count 2, he was trying to defuse the situation between Lucky and Echevarria and was not involved in what was their fight; and as to count 3, he did not threaten Echevarria.

The jury found appellant guilty of assault with a deadly weapon on Barker; not guilty of assault with a deadly weapon on Echevarria, but guilty of the lesser included misdemeanor offense of simple assault; and not guilty of dissuading Echevarria from reporting a crime. Appellant waived jury on the sentencing enhancements and admitted his three prior convictions as strikes and serious felonies. He was sentenced to 23 years imprisonment: 4 years on the conviction of assault with a deadly weapon, doubled because of the prior strike; and three 5-year consecutive enhancements for the three prior serious felonies. The court struck two of the three strike priors and imposed a time-served sentence on count 2, misdemeanor assault.

Appellant filed a timely notice of appeal.

On March 10, 2020, we appointed counsel to represent Sumner on appeal. After examining the record, counsel filed an opening brief raising no issues and asking this court to review the record independently as required by *People v. Wende*. Counsel also declared under penalty of perjury that she had written to appellant to explain her evaluation of the record and her intention to file a *Wende* brief. She informed appellant of his right to file a supplemental brief and sent him copies of the transcript and brief.

On September 28, 2020, we advised appellant he had 30 days within which to personally submit any contentions or issues he wished us to consider.  Appellant asked for two continuances of the deadline, which we granted.  The last deadline was January 19, 2021.  We received no timely response.  Instead, appellant asked for additional time to respond, which we denied.

We have examined the entire record and are satisfied Sumner's counsel has fully complied with her responsibilities and that no arguable issues exist.  (*People v. Kelly* (2006) 40 Cal.4th 106, 109–110; *People v. Wende*, *supra*, 25 Cal.3d at p. 441.)

## DISPOSITION

The judgment is affirmed.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

STRATTON, J.

We concur:

BIGELOW, P.J.

GRIMES, J.

4